**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOMINIQUE SHAW,

          Plaintiff,

             vs.

REQUISITE BOOTIE, INC. d/b/a
     LUCIEN FRENCH BISTRO;

ZAC BAHAJ; and

JANE DOE as personal representative
of the ESTATE OF LUCIEN BAHAJ;

          Defendants.

No. 19 CV 11030

**COMPLAINT**

Jury Trial Demanded

Plaintiff Dominique Shaw, by her undersigned counsel, as against Defendants Requisite

Bootie, Inc. d/b/a Lucien French Bistro ("Lucien French Bistro"); Zac Bahaj; and Jane Doe,

natural person whose identity is as yet unknown to Plaintiff, sued here in his or her capacity as

personal representative of the Estate of Lucien Bahaj, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff Dominique Shaw is a black transgender woman and a professional

restaurant worker without blemish on her record. Plaintiff's pronouns are she and her.

2.      While Plaintiff was employed as a host at Lucien French Bistro, an upscale

Manhattan restaurant, Defendants unlawfully discriminated against Plaintiff on the basis of her sex,

sexual orientation, gender identity, gender expression, sexual orientation, color, and race.

3.      By this action, Plaintiff requests that the Court enforce rights protected by federal,

state, and local law. Title VII of the Civil Rights Act ("Title VII"); the New York State Human

Rights Law ("NYSHRL"); and the New York City Human Rights Law ("NYCHRL") all prohibit

unlawful discrimination, including the acts complained of herein.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(1) and (2) because Defendant Lucien French Bistro's principal place of business is located in this district and because a substantial part of the events or omissions giving rise to this action, including discriminatory acts at Plaintiff's place of employment, occurred in this district.

## ADMINISTRATIVE PROCEDURES

6.      The U.S. Equal Employment Opportunity Commission issued to Plaintiff a Notice of Right to Sue in EEOC Charge No. 520-2019-04799.  Plaintiff received the Notice of Right to Sue by First Class Mail on October 6, 2019.

## PARTIES

7.      Plaintiff is a black transgender woman who resides in New York County.

8.      At all times relevant to this Complaint, Plaintiff was an employee of Defendants.

9.      Plaintiff uses the pronouns she and her.

10.      Plaintiff's natural hair is black and has a tightly-coiled natural texture common among people of African descent.

11.      Defendant Lucien French Bistro is a domestic corporation organized under the laws of the State of New York with its principal place of business at 14 First Avenue in Manhattan.

12.      Defendant Lucien French Bistro operates a French restaurant at 14 First Avenue in Manhattan.

13.      At all relevant times, Lucien Bahaj and Defendant Zac Bahaj held themselves out as owners of Lucien French Bistro.

14.     Lucien Bahaj and Defendant Zac Bahaj had and have managerial and/or supervisory authority over Plaintiff and other employees during the period of Plaintiff's employment at Lucien French Bistro.

15.     On information and belief, Lucien Bahaj died on or about July 29, 2019.

16.     On information and belief, Defendant Jane Doe, a natural person whose identity is unknown to Plaintiff despite reasonable investigation to date, has been or will be appointed as legal representative of the Estate of Lucien Bahaj.

## FACTUAL ALLEGATIONS

### A.     DEFENDANTS HIRED PLAINTIFF TO WORK

17.     In or about April 2016, Plaintiff applied for a position as a host at Lucien French Bistro.

18.     In or about April 2016, Lucien Bahaj hired Plaintiff.

19.     Shortly after he hired Plaintiff, Lucien Bahaj asked Plaintiff about her sexual orientation. Plaintiff reluctantly told him. Lucien Bahaj, apparently of the opinion that Plaintiff's sexual orientation would be offensive to customers, told Plaintiff to "keep it a mystery."

20.     Based on Plaintiff's observation, Lucien Bahaj preferred to hire hosts who have a "cool" or "sexy" look.

21.     Lucien Bahaj, Zac Bahaj and other managers at Lucien French Bistro strove to cultivate a "cool" and "sexy" atmosphere at the restaurant. They did this by (among other things) fostering a culture where cisgendered male and female employees were permitted and encouraged to wear revealing clothing at work.

22.     Lucien French Bistro is a downtown restaurant that aims to attract an affluent crowd, including models, celebrities and fashionistas.

23.     Defendants intentionally created a sexually-charged, hostile workplace.

**B.       PLAINTIFF'S SEX, GENDER, GENDER IDENTITY AND GENDER EXPRESSION**

24.      In or about April 2016, when Lucien Bahaj hired Plaintiff, Plaintiff identified as a male. She wore clothing typically associated with cisgendered men; she used male pronouns (he and him); and she expressed her gender and gender identity in a (conventionally) male way.

25.      Beginning in December 2016 and early 2017, while still employed at Lucien French Bistro, Plaintiff began to identify and to express her gender differently. She became more comfortable expressing herself naturally. For instance, she began to dress in more (conventionally) feminine clothing; she began to wear high heels, long fingernails, and a wig.

26.      In or around Summer 2017, Plaintiff adopted female pronouns and a female gender identity.

27.      Defendants did not like and did not accept Plaintiff's self-expression. They criticized and discriminated against her just for being who she is while working.

**C.       EXAMPLES OF DEFENDANTS' DISCRIMINATORY CONDUCT**

28.      Requisite Bootie, Inc., by its policies and its work environment – and Lucien Bahaj and Zac Bahaj, by their words and actions – let Plaintiff know that her race, sex, and gender were unacceptable at Lucien French Bistro.

29.      For example, in or about November 2016, early in Plaintiff's employment at Lucien French Bistro, she was wearing shoes with a three-inch heel. Lucien Bahaj saw Plaintiff's shoes and shouted, "**Be a man!**" Plaintiff was shocked and insulted. She was left with the impression that Lucien Bahaj rejected her gender expression, her gendered, and what he perceived as her sexual orientation.

30.      In or about June 2017, Plaintiff wore a midriff-baring tank top to work. Zac Bahaj stopped Plaintiff in front of other employees and asked her, "Are you going to put on a shirt?" Plaintiff was speechless at being singled out in front of a crowd of people. Plaintiff was also embarrassed because other (cisgendered) female employees frequently wear revealing clothing like

the tank top she had on. Plaintiff did not know how to respond, and as she began to stammer an explanation, Zac Bahaj yelled, "**I don't give a fuck. Put on a shirt!**" at her. Plaintiff was humiliated. She had to borrow a heavy hoodie sweatshirt from a coworker and put it on even though the temperature in the restaurant was sweltering.

31.     In or about January 2017, Plaintiff wore a wig to work for the first time. The wig was shoulder-length black hair.  Plaintiff wore it pulled back in a ponytail. When Lucien Bahaj saw Plaintiff wearing the wig, he sent a senior employee named Christina over to talk to Plaintiff about it. Within earshot of Lucien and other employees, Christina told Plaintiff: "**Lucien says you look like a freak.**" Lucien insisted that Plaintiff take off her wig immediately. Plaintiff was deeply embarrassed; she called a friend and had him meet her inside a nearby church so she could change back into her natural hair in private. Plaintiff had to work the rest of that night without her hair.

32.     Ironically – given Respondents' hostility towards Plaintiff's wig – Lucien Bahaj and Zac Bahaj were also openly hostile to her natural black hair. Plaintiff (and other women of color employed at Lucien French Bistro) were not allowed to wear their hair naturally, in puffy or "afro" styles; they were always made to style it differently or to tie it up. If they didn't, they risked losing their shifts. Non-black girls with long straight hair were allowed to wear their hair down:  not Plaintiff, and not other women of color.

33.     On a very hot day in or about July of 2017, Plaintiff wore an oversized tee shirt over short shorts: the type of stylish and revealing outfit that cisgendered female employees were encouraged to wear at Lucien French Bistro. Zac Bahaj pulled Plaintiff aside and told Plaintiff that she looked like she was "dressed to go to the beach." Even though Plaintiff complained that other girls were dressed the same way she was, Zac Bahaj told her to leave the restaurant because of her clothing. Zac Bahaj took away Plaintiff's shift and changed the schedule so that she worked fewer hours than requested and originally planned.

34.     Shortly after being sent home for wearing shorts, Plaintiff asked Zac Bahaj about the dress code at Lucien French Bistro. Zac told Plaintiff that there was no dress code; Plaintiff just couldn't dress how she was dressed.

35.     In or about November 2018, Plaintiff wore a wig to work again. Lucien saw Plaintiff's hair and immediately flew into a rage. Plaintiff remembers him screaming: "You're NOT working like this. You think you can sneak by me? We already discussed the wig! **I'm not going to lose customers over your wig!**" His tirade was so outrageous, and so disruptive, that one of the regular patrons in the restaurant intervened on Plaintiff's behalf, telling Lucien Bahaj that Plaintiff ought to be allowed to wear her hair, and reminding Lucien Bahaj of Plaintiff's preferred pronouns. But Lucien Bahaj would not have it. He told Plaintiff that Lucien French Bistro didn't need a host that night, and that Plaintiff should leave the restaurant. He threw Plaintiff out.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Federal Law)

36.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

37.     By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of sex, sexual orientation, gender identity, gender expression, sexual orientation, color, and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (as amended) by denying Plaintiff the same terms and conditions of employment available to similarly-situated actual or perceived white, non-black, heterosexual, cisgendered, male and female employees while subjecting Plaintiff to disparate treatment, including reduced hours and offensive comments, and by constructively terminating Plaintiff's employment.

38.     As a direct and proximate result of Defendants' unlawful conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of damages to the greatest extent permitted by law, including but not limited to monetary and/or economic harm.

39.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, for which she is entitled to an award of compensatory damages.

40.     Defendants' unlawful and discriminatory actions constitute malicious, willful, wanton and/or reckless indifference to Plaintiff's protected rights under Title VII, for which Plaintiff is entitled to an award of punitive damages.

41.     Plaintiff is also entitled to an award of attorneys' fees and costs.

### SECOND CAUSE OF ACTION
**(Discrimination in Violation of State Law)**

42.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

43.     By the actions described above, among others, Defendants have retaliated against Plaintiff in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.* by, *inter alia*, denying Plaintiff the same terms and conditions of employment available to similarly-situated female employees, including, but not limited to, subjecting Plaintiff to disparate treatment, including disparate assignments and sexist comments, and terminating Plaintiff's employment.

44.     As a direct and proximate result of Defendants' unlawful conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of damages to the greatest extent permitted by law, including but not limited to monetary and/or economic harm.

45.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, for which she is entitled to an award of compensatory damages.

46.     Defendants' unlawful and discriminatory actions constitute malicious, willful, wanton and/or reckless indifference to Plaintiff's protected rights under the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

47.     Plaintiff is also entitled to an award of attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(Discrimination in Violation of Local Law)**

48.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

49.     By the actions described above, among others, Defendants have retaliated against Plaintiff in violation of the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York, denying Plaintiff the same terms and conditions of employment available to similarly-situated female employees, including, but not limited to, subjecting Plaintiff to disparate treatment, including disparate assignments and sexist comments, and terminating Plaintiff's employment.

50.     As a direct and proximate result of Defendants' unlawful conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of damages to the greatest extent permitted by law, including but not limited to monetary and/or economic harm.

51.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL. Plaintiff has suffered and continues to suffer mental anguish and emotional distress, for which she is entitled to an award of compensatory damages.

52.     Defendants' unlawful and discriminatory actions constitute malicious, willful, wanton and/or reckless indifference to Plaintiff's protected rights under the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

53.     Plaintiff is also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff and

against Defendants, containing the following relief:

A.      An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

B.      An order directing Defendants to place Plaintiff in the position she should have occupied but for Defendants' discriminatory and retaliatory treatment and otherwise unlawful conduct (including reinstatement), and to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff;

C.      A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violated the laws of the United States and of the State and City of New York;

D.      An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and/or economic damages;

E.      An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to compensation for mental anguish and emotional distress, emotional pain and suffering, and any other physical or mental injuries;

F.      An award of damages to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

G.      An award of punitive damages;

H.      An award of costs that Plaintiff has incurred in this action, as well as reasonable attorneys' fees to the fullest extent permitted by law; and

I.      Such other and further relief as the Court may deem just and proper.


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:     December 2, 2019
           New York, New York

                              MULLEN P.C.

                     By:      Wesley M. Mullen, Esq.     (WM1212)
                              200 Park Avenue Suite 1700
                              New York, NY 10166
                              (646) 632-3718
                              wmullen@mullenpc.com

                              *Counsel for Plaintiff*